**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
*Tampa Division*
www.flmb.uscourts.gov

IN RE:                                                                                    Chapter 11

JRGC, LLC,                                                                    Case No.: 8:23-bk-04975-BAJ

_____ Debtor. /

## PLAN OF LIQUIDATION

This Plan of Liquidation (the "**Plan**") under Chapter 11 of the Bankruptcy Code (the "**Code**") proposes to pay creditors of JRCG, LLC (the "**Debtor**") from the sale of the Debtor's real estate holdings.

## ARTICLE I
## SUMMARY

This Plan provides for one (1) class of priority claims; seven (7) classes of secured claims; one (1) class of general unsecured claims; and one (1) class of equity security holders. Unsecured creditors holding allowed claims will receive a pro rata distribution of their allowed claim from funds generated by the liquidation of the Debtor's assets. This Plan also provides for the payment of administrative and priority claims under the terms to the extent permitted by the Code or by agreement between the Debtor and the claimant.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

| | | |
|---|---|---|
| 2.01 | Class 1. | All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2)). |
| 2.02 | Class 2. | The secured claim of Benworth Capital Partners LLC, as servicer for A.A.D.A., Inc., ANGA Properties, LLC, Benfam, et al. to the extent allowed under § 506 of the |

Code.

2.03    Class 3.    The secured claim of Pallardy LLC to the extent allowed under § 506 of the Code.

2.04    Class 4.    The secured claim of Ocean Capital Ventures, Inc. to the extent allowed under § 506 of the Code.

2.05    Class 5.    The secured claim of Javier Hinojo to the extent allowed under § 506 of the Code.

2.06    Class 6.    The secured claim of Rotunda Meadows/Villas Conservation Association, Inc. to the extent allowed under § 506 of the Code.

2.07    Class 7.    The secured claim of Charlotte County Tax Collector to the extent allowed under § 506 of the Code.

2.08    Class 8.    The secured claim of Baird Ventures, LLC to the extent allowed under § 506 of the Code.

2.09    Class 9.    All general unsecured claims held which are allowed under § 502 of the Code.

2.10    Class 10.    Equity Security Holders of the Debtor.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    <u>Unclassified Claims</u>. Under § 1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.02    <u>Administrative Expense Claims</u>. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in *Article VII*) or on such other date as authorized under the Code, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. The Debtor estimates additional attorney, accounting, and other miscellaneous administrative expense claims of approximately $100,000. Under no circumstance will the Debtor make payment on administrative fees absent Court order authorizing said fees.

3.03    Priority Tax Claims. Each holder of a priority tax claim will be paid as allowed under 11 U.S.C. § 1129(a)(9) or as authorized agreed to by the Debtor and the claimant.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01   Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – Priority Claims | Impaired | This class includes all priority debt, including any allowed priority claims for the Florida Department of Revenue or the Internal Revenue Service. Any allowed priority claims will be paid in full in a lump sum payment thirty (30) days after the payment of all allowed administrative claims. |
| Class 2 – Secured Claim of Benworth Capital Partners LLC, as servicer for A.A.D.A., Inc., ANGA Properties, LLC, Benfam, et al. | Impaired | Benworth Capital Partners LLC, as servicer for A.A.D.A., Inc., ANGA Properties, LLC, Benfam, et al. filed a proof of claim [Claim No. 1] in the amount of $5,785,888.95 which is secured by a first position mortgage on three hundred (300) lots in Rotunda Villas. Claimant's allowed secured claim will be paid in full upon the sale of the Debtor's real estate holdings. Claimant will retain its lien to the same extent, validity, and priority as existed pre-petition. |
| Class 3 – Secured Claim of Pallardy LLC | Impaired | Pallardy LLC filed a proof of claim [Claim No. 2] in the amount of $317,500 secured by a first position mortgage on thirty (30) lots in Rotunda Villas and Rotunda Meadows. Claimant's allowed secured claim will be paid in full upon the sale of the Debtor's real estate holdings. Claimant will retain its lien to the same extent, |

| | | |
|---|---|---|
| | | validity, and priority as existed pre-petition. |
| Class 4 – Secured Claim of Ocean Capital Ventures, Inc. | Impaired | Ocean Capital Ventures, Inc. filed a proof of claim [Claim No. 10] in the amount of $2,124,363.64 secured by a first position mortgage on 36 lots in Rotunda Villas. In addition, Claimant also has a mortgage on real property located in Citrus County, Florida owned a non-debtor entity. Claimant's allowed secured claim will be paid in full upon the sale of the Debtor's real estate holdings. Claimant will retain its lien to the same extent, validity, and priority as existed pre-petition. |
| Class 5 – Secured Claim of Jabier Hinojo | Impaired | Javier Hinojo filed a proof of claim [Claim No. 3] in the amount of $469,776.30 secured by a second position mortgage on 36 lots in Rotunda Villas. Claimant's allowed secured claim will be paid in full upon the sale of the Debtor's real estate holdings. Claimant will retain his lien to the same extent, validity, and priority as existed pre-petition. |
| Class 6 – Secured Claim of Rotunda Meadows/Villas Conservation Association, Inc. | Impaired | The Rotunda Meadows/Villas Conservation Association, Inc. filed a proof of claim [Claim No. 1] in the amount of $335,239.52 secured by various lots located in Rotunda Villas and Rotunda Meadows. Claimant's allowed secured claim will be paid in full upon the sale of the Debtor's real estate holdings. Claimant will retain his lien to the same extent, validity, and priority as existed pre-petition. |
| Class 7 – Secured Claim of the Charlotte County Tax Collector | Impaired | The Charlotte County Tax Collector holds estimated claims totaling approximately $400,000 secured by various lots located in Rotunda Villas and Rotunda Meadows. |

| | | |
|---|---|---|
| | | Claimant's allowed secured claim will be paid in full upon the sale of the Debtor's real estate holdings. Claimant will retain his lien to the same extent, validity, and priority as existed pre-petition. |
| Class 8 – Secured Claim of Baird Ventures, LLC | Impaired | Baird Ventures, LLC filed a proof of claim [Claim NO. 12] in the amount of $165,854.79 secured by a mortgage on approximately thirty-five (35) lots in Rotunda Villas and Rotunda Meadows. Claimant's allowed secured claim will be paid in full upon the sale of the Debtor's real estate holdings. Claimant will retain his lien to the same extent, validity, and priority as existed pre-petition. |
| Class 9 – General Unsecured Claims | Impaired | Claimants will be paid their pro rata share of any funds that remain after payment in full of all allowed administrative, priority, and secured claims. Distributions will be made on the thirtieth day following the final payment made to administrative, priority, and secured claimants. The Debtor anticipates that the sale of its real estate assets will be sufficient to pay all Class 9 claimant's allowed claims in full; however, this assessment could change as the case and sale progresses. |
| Class 10 – Equity Security Holders of the Debtor | Impaired | Equity will retain ownership in the Debtor post-confirmation. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01   <u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of

claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

      5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

      5.03    Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

      5.04    Objection to Claims. Entry of the confirmation of the Plan does **not** bar the Debtor from objecting to a proof of claim that has been filed or deemed filed. The Debtor will have thirty (30) days from the entry of the Confirmation Order to file any objections to claims.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

      6.01    Assumed Executory Contracts and Unexpired Leases.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan:

None.

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above or otherwise treated through the Plan, or before the date of the order confirming this Plan unless plead otherwise through specific motion. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after either the date of the order confirming this Plan or the date upon which an order entered by this Court terminated said lease or contract, whichever date occurs earliest.

## ARTICLE VII

## MEANS FOR IMPLEMENTATION OF THE PLAN

Jordan Ruben will continue to manage the Debtor post-confirmation, to the extent that there are any remaining assets to manage. The Plan will be funded by the sale of the Debtor's various real estate holdings.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01   <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: None.

8.02   <u>Effective Date of Plan</u>. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.   The Debtor will file a notice with the Court upon the occurrence of the effective date of the Plan.

8.03   <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04   <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

8.05   <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06   <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07   <u>Corporate Governance</u>.   The Debtor requests that the Court relieve it of the requirement of § 1123(a)(6) under the circumstances of this case, given that the Debtor is a closely held family business.

      8.08   <u>Avoidance of Stamp or Document Taxes</u>.   Once the Plan is confirmed, § 1146(a) provides that the sale of the Debtor's real estate holdings shall not be subject to any stamp or similar tax.

## ARTICLE IX
## DISCHARGE

Pursuant to § 1141(d)(3), the Debtor will not receive a discharge.

## ARTICLE X
## OTHER PROVISIONS

      10.1   <u>Retention of Jurisdiction</u>.   Until the case is closed the Court shall retain jurisdiction to insure that the purpose and intent of the Plan are carried out. The Court shall retain jurisdiction to hear and determine the following:

      a.   The classification of the claim of any creditor and the re-examination of claims which have been allowed for purposes of voting and the determination of such objections as may be filed against creditor's claims;

b. The determination of all questions and disputes regarding title to the assets of the estate and the determination of all causes of action, controversies, disputes or conflicts whether or not subject to action pending as of the date of confirmation between the Debtor and any other party included but not limited to any rights of parties in interest to recover assets pursuant to the provisions of Title 11 of the United States Code;

c. The correction of any defect, the curing of any omission or the reconciliation of any inconsistency in the Plan or the Order of Confirmation as may be necessary to carry out the purposes and intent of the Plan;

d. The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code;

e. The enforcement and interpretation of the terms and conditions of this Plan;

f. The entry of an Order including injunctions necessary to enforce the title rights and powers of parties in interest and to impose such limitations, restrictions, terms and conditions of such title rights and powers as this Court may deem necessary; and

g. The entry of an order concluding and terminating this case.

**DATED** this 12th day of August 2024.

JRGC, LLC,

/s/ Jordan Ruben
Jordan Ruben, Managing Member

**RESPECTFULLY submitted** this day of 12th August 2024.

> BUDDY D. FORD, P.A.,
>
> /s/ Jonathan A. Semach
> Buddy D. Ford, Esquire (FBN: 0654711)
> Email: Buddy@tampaesq.com
> Jonathan A. Semach, Esquire (FBN: 0060071)
> Email: Jonathan@tampaesq.com
> Heather M. Reel, Esquire (FBN: 0100357)
> Email: Heather@tampaesq.com
> 9301 West Hillsborough Avenue
> Tampa, Florida 33615-3008
> Telephone: (813) 877-4669
> Office Email: All@tampaesq.com
> Attorney for Debtor

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 12th day of August 2024, true and correct copy of the foregoing has been furnished by electronic mail upon all currently registered users in this case by the Court's CM/ECF, and by regular U.S. Mail to: JRGC, LLC, P.O. Box 18012, Tampa, Florida 33679; Charlotte County Tax Collector, 18500 Murdock Circle, Port Charlotte, Florida 33948; Rotunda Meadows/Villa Conservation Association, Inc. c/o Grande Property Services, Inc., 3754 Cape Haze Drive, Rotunda West, Florida 33947;and Local Rule 1007-2 Parties in Interest List.

> /s/ Jonathan A. Semach
> Jonathan A. Semach, Esquire (FBN: 0060071)
> Email: Jonathan@tampaesq.com