**ORDERED.**

**Dated: November 08, 2024**

Jason A. Burgess
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
***Tampa Division***
www.flmb.uscourts.gov

IN RE: Chapter 11

JRGC, LLC, Case No: 8:23-bk-04975-BAJ

Debtor(s). /

**ORDER FINALLY APPROVING DISCLOSURE STATEMENT AND CONFIRMING DEBTOR'S PLAN OF REORGANIZATION**

**THIS CASE** came on for hearing on October 1, 2024, at 8:30 a.m., to consider the following matters:

1. Final approval of the Debtor's Disclosure Statement for Plan of Liquidation [Doc. No. 179] (the "**Disclosure Statement**");

2. Confirmation of the Debtor's Plan of Liquidation [Doc. No. 180] (the "**Plan**");

3. Omnibus Limited Objection to Debtor's (I) Plan of Liquidation and (II) Disclosure Statement for Plan of Liquidation [Doc. No. 196] (the "**Objection**") filed by Benworth Capital Partners LLC, et al; and

4. Motion for "Cram-Down" [Doc. No. 203].

Changes made on the record in open court: During the Hearing, the parties informed the Court that the parties had reached various agreements to resolve their disputes regarding confirmation issues, as set forth below:

A. Plan amendments made on the record in open court or otherwise agreed:

i. The Debtor shall pay any and all outstanding quarterly fees owed to the U.S. Trustee within fourteen (14) days from the entry of the instant order.

ii. Confirmation of the Plan shall not reimpose the automatic stay to any secured claimant which has already received stay relief. Moreover, the automatic stay shall be lifted as to all secured creditors upon the entry of the instant order.

iii. Until all payments necessitated under the Plan are made, no sale of equity in the Debtor can occur absent a motion, notice and authorization by this Court.

iv. To the extent the Debtor effectuates a sale(s) for its real property, the association and governing documents of The Rotonda Meadows/Villas Conservation Association, Inc. shall continue to run with the land.

B. Withdrawal of objections/changes of votes made orally on the record in open court:

None.

After considering (a) the Verified Confirmation Statement [Doc. No. 206]; (b) the votes of the creditors, as reflected in the Ballot Tabulation [Doc No. 199] and rulings concerning votes and claims made in open court; (c) the evidence proffered and the arguments of counsel; and (d) the entire record in this Chapter 11 case, and for reasons stated orally and recorded in open court that shall constitute the decision of the Court, the Court has concluded the following: (1) that the Disclosure Statement should be finally approved; and (2) that the Plan should be confirmed. Accordingly, it is

**ORDERED:**

1. Jurisdiction, Venue, Core Proceedings. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. Approval of the Disclosure Statement and confirmation of the Plan are core proceedings pursuant to 28 U.S.C. § 157(b), and this Court has jurisdiction to enter a final order with respect thereto. The Debtor is an eligible debtor under 11

        U.S.C. § 109.[1] Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtor is the plan proponent in accordance with 11 U.S.C. § 1121(a).

2. Final Approval of Disclosure Statement. On August 15, 2024, the Court entered its Order Conditionally Approving Disclosure Statement, Fixing Time to File Objections to the Disclosure Statement, Fixing Time to File Applications for Administrative Expenses, Setting Hearing on Confirmation of the Plan, and Setting Deadlines with Respect to Confirmation Hearing ("**Solicitation Approval Order**") [Doc. No. 182]; that order *inter alia* conditionally approved the Disclosure Statement as containing at least minimally adequate information within the meaning of 11 U.S.C. § 1125 and Rule 3017, Federal Rules of Bankruptcy Procedure. The Disclosure Statement complies with 11 U.S.C. § 1125 and is, therefore, finally **APPROVED** as containing adequate information within the meaning of that section of the Bankruptcy Code.

3. Confirmation of Plan. The Plan is **CONFIRMED** pursuant to 11 U.S.C. § 1129.

4. Objection to Confirmation. The Objection is overruled based on the amendments to the Plan made in open court and set forth above.

5. Motion for "Cram-Down". The Motion for "Cram-Down" is granted. No further order will be issued by the Court.

6. Transmittal of Solicitation Packages. Copies of the Disclosure Statement, the Plan, the Solicitation Approval Order, and a ballot (together, the "**Plan Solicitation Package**") were served on all creditors entitled to vote on the Plan. The Court finds that (a) timely and proper notice of the confirmation hearing, the time fixed for filing objections to confirmation, and the time for submitting ballots on the Plan was provided to all creditors and all parties in interest; (b) such notice was adequate and sufficient to notify all creditors and all parties in interest of the confirmation hearing and the objection and voting deadlines as to the Plan; and (c) such notice complied in all respects with the procedural orders of this Court, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and otherwise satisfied the requirements of due process.

[1]Subsequent cites to title 11 of the United States Code may sometimes be to "the Bankruptcy Code."

7. Ballot Tabulation. The Debtor filed a Ballot Tabulation [Doc. No. 199] which reflected the acceptance of at least one impaired class.

8. Compliance with the Requirements of 11 U.S.C. §1129.

a. Compliance with 11 U.S.C. § 1129(a)(1). The Plan complies with the applicable provisions of the Bankruptcy Code, in particular:

i. Proper Classification. The Plan sets out separately numbered classes of impaired claims and interests. The claims and interests within each class are substantially similar to the other claims and interests, as the case may be, in the class. Valid business, factual, and legal reasons exist for separately classifying various classes of claims and interests created under the Plan and such classifications do not unfairly discriminate between the holders of claims and interests. Therefore, the Plan satisfies 11 U.S.C. §§ 1122 and 1123(a)(1).

ii. Specified Unimpaired Classes. The Plan properly designates unimpaired classes as unimpaired. Therefore, the Plan satisfies 11 U.S.C. § 1123(a)(2).

iii. Specified Treatment of Impaired Classes. The Plan designates which classes are impaired within the meaning of 11 U.S.C. § 1124. The Plan states the specific treatment of each class of impaired claimants or interests. Therefore, the Plan satisfies 11 U.S.C. § 1123(a)(3).

iv. No Discrimination within Classes. The Plan provides for the same treatment of each claim within each particular class of claims or interests. Therefore, the Plan satisfies 11 U.S.C. § 1123(a)(4).

v. Implementation. The Plan provides adequate means for the Plan's implementation. Therefore, the Plan satisfies 11 U.S.C. § 1123(a)(5).

vi. Corporate charter amendments. The Court relieves the Debtor of the requirement under 11 U.S.C. § 1123(a)(6) under the circumstances of this case, given that the Debtor is a closely held family business.

      vii. Impairment/Unimpairment of Classes of Claims and Interests. The Plan designates certain classes as impaired, as permitted by 11 U.S.C. § 1123(b)(1).

viii. Assumption or Rejection of Leases and Executory Contracts. The Plan provides for the assumption and rejection of leases and executory contracts, subject to 11 U.S.C. § 365, as permitted by 11 U.S.C. § 1123(b)(2).

ix. Modification of the Rights of Holders of Secured Claims. The Plan modifies the rights of holders of secured debt as permitted by 11 U.S.C. § 1123(b)(5).

x. Cure of Defaults. The Plan provides for the assumption of unexpired leases and executory contracts pursuant to an order of the Court, thereby satisfying 11 U.S.C. § 1123(d).

b. Compliance with 11 U.S.C. § 1129(a)(2). The Debtor, as the Plan proponent, has complied with the applicable provisions of the Bankruptcy Code. Specifically:

i. The Debtor is eligible Debtor under 11 U.S.C. § 109.

ii. The Debtor has complied with the applicable provisions of the Bankruptcy Code, unless such compliance was excused by order of this Court.

iii. The Debtor has complied with 11 U.S.C. §§ 1125 and 1126, the Federal Rules of Bankruptcy Procedures, the Court's Local Rules, and the Solicitation Approval Order in transmitting the Solicitation Package and in soliciting and tabulating the vote.

c. Compliance with 11 U.S.C. § 1129(a)(3). The Plan has been proposed in good faith and not by any means forbidden by law. The good faith is evident from the record in this case, the facts as adduced or proffered at the confirmation hearing and other hearings during the course of this bankruptcy case, and the information contained in the Disclosure Statement. The Plan was proposed with the honest and legitimate purpose of maximizing the value of the Debtor's estate and the payments to creditors. The Plan was developed in good faith on the part of the Debtor and in good faith negotiations with various creditors. Therefore, 11 U.S.C. § 1129(a)(3) is met.

  d. Compliance with 11 U.S.C. § 1129(a)(4). Applications for fees and expenses of professionals were filed and have been approved by this Court or will be filed and are subject to approval by this Court. Separate orders will be entered thereon. Therefore, 11 U.S.C. § 1129(a)(4) is met.

e. Compliance with 11 U.S.C. § 1129(a)(5). The proponent of the Plan has disclosed the identity of the post-confirmation management as well as employment of insiders. Therefore, 11 U.S.C. § 1129(a)(5) is met.

f. Compliance with 11 U.S.C. § 1129(a)(7). As to impaired classes of claims, each holder of a claim or interest of such class has accepted the Plan or will receive or retain property of a value that is not less than it would receive or retain if the Debtor were liquidated under Chapter 7. Therefore, 11 U.S.C. § 1129(a)(7) is met.

g. Compliance with 11 U.S.C. § 1129(a)(8). Every class of creditors that is impaired under the Plan did not accept the Plan. Therefore, 11 U.S.C. § 1129(a)(8) is not met.

h. Compliance with 11 U.S.C. § 1129(a)(9). Priority tax claims will be paid in accordance with 11 U.S.C. § 1129(a)(9)(C)(ii). The treatment of these and other allowed administrative expense claims meets the requirements of 11 U.S.C. § 1129(a)(9).

i. Compliance with 11 U.S.C. § 1129(a)(10). Class 9 voted to accept the Plan. Therefore, 11 U.S.C. § 1129(a)(10) is met.

j. Compliance with 11 U.S.C. § 1129(a)(11). Based upon the information contained in the Disclosure Statement and uncontroverted evidence proffered at the Confirmation Hearing that is both persuasive and credible, the Plan is feasible and not likely to be followed by liquidation or further financial reorganization. Therefore, 11 U.S.C. § 1129(a)(11) is met.

k. Compliance with 11 U.S.C. § 1129(a)(12). The Plan provides that fees required to be paid pursuant to 28 U.S.C. § 1930 are administrative expenses that will be paid on the effective date of confirmation. Therefore, 11 U.S.C. § 1129(a)(12) is met.

l. Compliance with 11 U.S.C. § 1129(b). The Court finds that the Plan does not discriminate unfairly and is fair and equitable as to non-accepting impaired classes. To wit:

Class 1: It does not appear that there are any claimants in this class. However, should any claimants arise, they are being paid their allowed claim in full within sixty months from the Petition Date with pre and post-petition statutory interest. Therefore, 11 U.S.C. § 1129(a)(9) is met.

Class 2: Claimants in this class are retaining their liens to the same extent, validity, and priority as existed pre-petition and are either (1) being paid their allowed claim in full with post-petition interest upon the sale of the Debtor's real estate, or (2) receiving the indubitable equivalent of their claims. Therefore, 11 U.S.C. §§ 1129(a)(9) and (b)(2)(A) are met.

Class 3: Claimants in this class are retaining their liens to the same extent, validity, and priority as existed pre-petition and are either (1) being paid their allowed claim in full with post-petition interest upon the sale of the Debtor's real estate, or (2) receiving the indubitable equivalent of their claims. Therefore, 11 U.S.C. §§ 1129(a)(9) and (b)(2)(A) are met.

Class 4: Claimants in this class are retaining their liens to the same extent, validity, and priority as existed pre-petition and are either (1) being paid their allowed claim in full with post-petition interest upon the sale of the Debtor's real estate, or (2) receiving the indubitable equivalent of their claims. Therefore, 11 U.S.C. §§ 1129(a)(9) and (b)(2)(A) are met.

Class 5: Claimants in this class are retaining their liens to the same extent, validity, and priority as existed pre-petition and are either (1) being paid their allowed claim in full with post-petition interest upon the sale of the Debtor's real estate, or (2) receiving the indubitable equivalent of their claims.

      Therefore, 11 U.S.C. §§ 1129(a)(9) and (b)(2)(A) are met.

Class 6: Claimants in this class are retaining their liens to the same extent, validity, and priority as existed pre-petition and are either (1) being paid their allowed claim in full with post-petition interest upon the sale of the Debtor's real estate, or (2) receiving the indubitable equivalent of their claims. Therefore, 11 U.S.C. §§ 1129(a)(9) and (b)(2)(A) are met.

Class 7**:** Claimants in this class are retaining their liens to the same extent, validity, and priority as existed pre-petition and are either (1) being paid their allowed claim in full with post-petition interest upon the sale of the Debtor's real estate, or (2) receiving the indubitable equivalent of their claims. Therefore, 11 U.S.C. §§ 1129(a)(9) and (b)(2)(A) are met.

Class 8: Claimants in this class are retaining their liens to the same extent, validity, and priority as existed pre-petition and are either (1) being paid their allowed claim in full with post-petition interest upon the sale of the Debtor's real estate, or (2) receiving the indubitable equivalent of their claims. Therefore, 11 U.S.C. §§ 1129(a)(9) and (b)(2)(A) are met.

m. Principal Purpose of the Plan. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933. No governmental entity has filed an objection to the Plan on these grounds. Therefore, 11 U.S.C. § 1129(d) is satisfied.

9. Executory Contracts. The Plan's assumption of any identified unexpired leases and executory contracts pursuant to 11 U.S.C. §§ 365 and 1123(b) is approved. The rejection of all or other executory contracts and unexpired leases is approved.

10. Implementation. The Debtor is authorized to execute, deliver, file, or record any documents, contracts, instruments, and other agreements

and take all other actions as may be necessary to implement and effectuate the Plan.

11. Exemption from Taxes. Pursuant to 11 U.S.C. § 1146, any sale or transfer of assets or delivery of any instruments contemplated under the Plan shall not be taxed under any law imposing a stamp tax or similar tax.

12. Binding Effect. Upon entry of this order and subject to the occurrence of the Plan's effective date, the provisions of the Plan shall bind the Debtor, all holders of claims (irrespective of whether the claims are impaired under the Plan or whether the claimants have accepted the Plan), any and all non-debtor parties to executory contracts and unexpired leases with the Debtor, any party in interest in the bankruptcy case, and the heirs, administrators, executors, successors or assigns, if any, or any of them.

13. Liens survive. Except for liens and security interests avoided by separate order, the liens and security interests of creditors whose claims are secured by an interest in property of the Debtor will continue, for so long as the Debtor is obligated to the holder of the lien or security interest as a secured claimant.

14. Discharge. Pursuant to 11 U.S.C. § 1141(d)(3)(A), the Debtor shall not receive a discharge.

15. Continued compliance with 28 U.S.C. § 1930. Any statutory fees due to the United States Trustee on or before the effective date shall be paid on the effective date. Thereafter, all fees required to be paid by 28 U.S.C. § 1930 shall accrue and be paid timely until the Chapter 11 case is closed, dismissed, or converted.

16. Compensation and expense reimbursement applications. Debtor's counsel and other professionals shall file their final applications for allowance of compensation and costs within thirty (30) days from the entry of the instant order.

17. Retained jurisdiction. Pursuant to the Plan and 11 U.S.C. §§ 105 and 1142, this Court retains jurisdiction subsequent to the entry of this order to enter orders necessary to facilitate the implementation of the Plan and to ensure that the purposes and intent of the Plan are carried out, including but not limited to those related to the Order Granting Debtor's Verified Emergency Motion to Approve Sale of Property Free and Clear of all Liens [Doc. No. 178].

18. Repayment of Class 9 Claimants. Fourteen (14) days after the sale of the Debtor's real property, the Debtor will file a spreadsheet with the Court detailing the proposed distributions, if any, to the Class 9 claimants.

19. Notice of Occurrence of Effective Date. The Debtor shall file a notice with the Court upon the occurrence of the Effective Date of the Plan.

20. Status Conference. A status conference will be held by Zoom on **December 19, 2024, at 9:00 a.m.**, before the Honorable Jason Burgess, United States Bankruptcy Judge. Parties are directed to consult the Procedures Governing Court Appearances regarding the Court's policies and procedures for attendance at hearings by Zoom, available at https://www.flmb.uscourts.gov/judges/burgess.

Attorney for Debtor, *Buddy D. Ford, Esquire*, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a Proof of Service within 3 days of entry of the order.